Joshua Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Kevin Lemieux, Esq (SBN: 225886)
kevin@westcoastlitigation.com
**HYDE AND SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

[Other Attorneys of Record Listed on Signature Page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jacob Tiffany and Erik Knutson, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Roar Construction, Inc.,<br><br>Defendant. | Case No.:   '17CV593   JM   BGS<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1.  Jacob Tiffany and Erik Knutson (referred to as "Plaintiffs"), bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Roar Construction, Inc. (referred to as "Defendant"), in negligently, knowingly, and/or willfully

contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call […]." *Id*. At §§ 12-13.  *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 47 U.S.C §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012), because Plaintiffs alleges violations of federal law.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Plaintiffs live in San Diego, CA, and the events giving rise to Plaintiffs' causes of action against Defendant occurred in the State of California within the Southern District of California and Defendant conducts business in the area of San Diego, California.

## PARTIES

8. Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the County of San Diego, in the State of California.  Plaintiffs are both real estate agents in the area of San Diego, CA, and real estate was the subject of Defendant's automated marketing call.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a company incorporated in the state of California and headquartered in Santee, CA, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

10. Plaintiffs is informed and believes, and thereon alleges, that at all relevant times, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs were citizens of the State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C § 153 (39).

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

13. Sometime prior to January 1, 2013, Mr. Tiffany was assigned, and became the owner of, a cellular telephone number from his wireless provider.

14. Sometime prior to January 1, 2013, Mr. Knutson was assigned, and became the owner of, a cellular telephone number from his wireless provider.

15. On or about February 7, 2017, at 10:07 AM, Mr. Tiffany received a prerecorded message on his cellular telephone from Defendant, in which Defendant utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. On or about February 15, 2017, at 11:42 AM, Mr. Knutson received a prerecorded message on his cellular telephone from Defendant, in which Defendant utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. The message sent to Mr. Tiffany's cellular telephone number (San Diego area code (858) XXX-1296), from Defendant came from phone number: (619) 839-9040.

18. The message sent to Mr. Knutson's cellular telephone number (San Diego area code (619) XXX-6675), from Defendant came from phone number: (619) 839-9040.

19. Both plaintiffs received an identical pre-recorded message. The recording said, "Hi, this is Chris Bill with Roar Construction in San Diego. We're a local cash buyer looking to partner with local real estate agents here in San Diego. We're looking to purchase on and off market, distressed, fixer properties with value-add and renovation potential. We'd like you to represent us as the buyer, and possibly represent us on the resale of the property after we've completed the rehab. We're buying anywhere from six to eight properties a month, and once again we are cash buyers here in San Diego. It's Chris Bill with Roar Construction. Please give me a call if you can help us, at (619) 839-9040. Once again, (619) 839-9040. Thank you."

20. This message was sent to Plaintiffs' cellular telephone's voicemail using a pre-recorded voice. However, this was not a "regular" phone call that was missed and a message left on their voicemail. Instead, both plaintiffs' phones rang for a split second, or less than half of a regular ring. Then, about thirty seconds later, plaintiffs were notified that they had a voicemail waiting for them.

21. Plaintiffs are informed and believe that Defendant used a computer program or software application in which Defendant input a list of numbers and the computer, in an automated fashion, proceeded to "call" each number and go straight to their voicemail to leave the identical pre-recorded message.

22. Plaintiffs are informed and believe that Defendant did not intend for them to answer their phones, and indeed the software application is designed to send a message directly to their voicemail.

23. The pre-recorded messages left for Plaintiffs was for marketing purposes and does not refer to any specific property or transaction.  Neither Plaintiff has any business relationship with Defendant.

24. Plaintiffs are informed and believe, and thereon allege, that Defendant holds contractor license number 1009498.

25. The ATDS used by Defendant  has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

27. The telephone number Defendant  called was assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

28. Plaintiffs at no time provided "prior express consent" for Defendant  to place telephone calls to Plaintiffs' cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

29. Plaintiffs had not provided their cellular telephone number to Defendant. Plaintiffs were not customers of Defendant.   Plaintiffs had no "established business relationship" with Defendant, as defined by 47 U.S.C. § 227 (a)(2).

30. These telephone calls made by Defendant or its agents were in violation of 47 U.S.C. § 227(b)(1).

# STANDING

31. Standing is proper under Article III of the Constitution of the United States of America because Plaintiffs' claims state:
    a. a valid injury in fact;
    b. which is traceable to the conduct of Defendant;
    c. and is likely to be redressed by a favorable judicial decision.

    See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.

32. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

   A. *The "Injury in Fact" Prong*

33. Plaintiffs' injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

34. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In the present case, Plaintiffs was "called" on their cellular phones by Defendant, who utilized an ATDS and a pre-recorded voice. The "call" was made using an ATDS that allows a pre-recorded message to be sent directly to Plaintiff's voicemails. Plaintiffs were notified, by their phones, of the existence of a new voicemail, as if it were a real call. Instead, they found a pre-recorded marketing message that was delivered directly to their voicemail. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

35. For an injury to be "particularized" means that the injury must "affect the Plaintiffs in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. In the instant case, it was Plaintiffs' phone that was called

and it was Plaintiffs themselves who had to go into their voicemails and listen to this advertisement. It was Plaintiffs' personal privacy and peace that was invaded by Defendant's prerecorded message that was delivered using an ATDS. Finally, Plaintiffs alone are responsible to pay the bill on their cellular phones. All of these injuries are particularized and specific to Plaintiffs, and will be the same injuries suffered by each member of the putative class.

### B. *The "Traceable to the Conduct of Defendant" Prong*

36. The second prong required to establish standing at the pleadings phase is that Plaintiffs must allege facts to show that their injuries are traceable to the conduct of Defendant(s).

37. In the instant case, this prong is met simply by the fact that the message was delivered to Plaintiffs' cellular phones directly by Defendant, or by Defendant's agent at the direction of Defendant.

### C. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

38. The third prong to establish standing at the pleadings phase requires Plaintiffs to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

39. In the present case, Plaintiffs' Prayers for Relief include a request for damages for each call made, and message delivered, by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiffs and the members of the putative class.

40. Furthermore, Plaintiffs' Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of

monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

41. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiffs have standing to sue Defendant on the stated claims.

**CLASS ACTION ALLEGATIONS**

42. Plaintiffs brings this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

43. Plaintiffs represent, and are members of, the Class, consisting of:

   a. All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one pre-recorded message delivered directly to their voicemail using an ATDS and/or an artificial or prerecorded voice from Roar Construction, Inc., or their agents calling on behalf of Roar Construction, Inc., between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing, to non-customers of Roar Construction, Inc., at the time of the calls.

44. Defendant and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

45. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the

Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant or their agents, during those illegal calls, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records and/or Defendant's agent's records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   ii. Whether Defendant called non-customers of Defendant for marketing purposes;

      iii. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation(s); and

      iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

49. As a person that received calls/messages from Defendant in which Defendant used an ATDS or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

50. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

51. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

53. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION:
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION:
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

58. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and each of the Class are entitled to treble damages, as

provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

62. Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant :

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

65. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

66. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

68. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date:  March 24, 2017                                **HYDE & SWIGART**

                                                     By:  s/Kevin Lemieux.
                                                          Kevin Lemieux
                                                          Attorneys for Plaintiff

**Other Attorneys of Record, besides caption page:**

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523